MEMO ENDORSED

# Josh Bernstein, P.C.

Civil Rights & Employment Law

Josh Bernstein, P.C.
447 Broadway, 2nd Fl.
New York, NY 10013

(Phone) (646) 308-1515
(Fax) (718) 679-9517
jbernstein@jbernsteinpc.com

October 12, 2026

**RE: Defendants' Refusal to Respond to Discovery Demands**

The Honorable Gary Stein
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 9A
New York, NY 10007

*Maria Lopez v. The Century Association,* No. 26-3899

M.J. Stein,

I represent Plaintiff Maria Lopez in the above-captioned matter, and I write pursuant to your Honor's Individual Rule II(C) concerning the below discovery issues the parties have been unable to resolve.

This is a single-plaintiff suit for sexual harassment and retaliation concerning a Peeping Tom who followed Plaintiff into the women's locker room and then retaliated against Plaintiff when she reported the incident.

The parties met and conferred on October 7, 2026 via telephone, but were unable to resolve this dispute concerning Defendant's failure to comply with ADR discovery protocols concerning the production of investigative documents and Defendant's subsequent failure to provide production and responses to discovery demands.

**Defendant's Dilatory Conduct Pre-Litigation**

By way of background, Plaintiff initially issued a demand letter to the Defendant in December 2025. Opposing counsel provided a variety of excuses for substantial delay, did not make a counteroffer until late April 2026, and then ignored multiple follow-up communications from Plaintiff's counsel, resulting in the filing of this litigation on May 11, 2026.

**Defendant Refuses to Cooperate in Formulating the CMP**

Judge McMahon issued an Order on May 15, 2026 scheduling the initial conference for September 17, 2026 and directing the parties to submit a Case Management Plan within 30 days. Docket Entry No. 6. When the undersigned contacted opposing counsel to cooperate in submitting the proposed Case Management Plan within

the 30-day deadline, they refused to do so, citing the far-off initial conference. The undersigned accordingly requested that the Court move up the initial conference date. Docket Entry No. 13.

The Court responded by issuing the following Order on June 22, 2026:

> "It does not appear that plaintiff's lawyer is asking for any relief here. We have set the preliminary conference for more than 90 days in order to allow for the mandatory mediation required in this district and so that we do not have to reschedule the conference. I find that there is good cause to override the usual requirements of Rule 16(a)(2). **This does not mean that I have stayed discovery or that the parties cannot file a Case Management Plan prior to two days before the scheduled conference. I would prefer it is [sic] you would file a Case management plan next week – there is no need to wait three months if you are going to agree on a plan. But if you cannot agree, or if the defendant decides not to talk with you until September, feel free to go right ahead and serve discovery demands. I am not stopping you."** Docket Entry No. 14 (emphasis added).

Despite this Order, Defendant refused to cooperate for the entire summer.

**Defendant Fails to Comply with the ADR Discovery Protocols**

Pursuant to the mandatory ADR protocol in this District, mediation was scheduled for August 19, 2026. In advance of mediation, opposing counsel requested supplemental production of recordings referenced in the complaint (which do not fall under the ADR discovery protocol) to aid in their valuation of the matter.

On August 10, 2026 Plaintiff produced one of those recordings in good-faith despite its production not being required, and in the same email explained: "The discovery protocols, do, however, require the production of all documents concerning Defendant's investigation and any remedial action taken. Because Defendant has plead numerous affirmative defenses that it promptly took corrective action, and privilege claim is waived as to these materials, yet none have been produced. Will you be producing these documents in advance of the mediation?" Opposing counsel simply ignored this request. *See* Discovery Protocols for Counseled Employment Cases (3)(h); Defendant's Answer ¶ 43, 46 (Docket Entry No. 11).

**Defendant Ignores Plaintiff's Discovery Demands**

The mediation was held on August 19, 2026 and was unsuccessful. Plaintiff Promptly served initial document demands and interrogatories on August 24, 2026. Annexed hereto as Exhibit 1. Responses and production were due on September 23, 2026, but Defendant simply ignored the requests. Given Defendant's pattern of dilatory conduct and failure to comply with the ADR discovery protocols, Plaintiff requested a referral to a Magistrate Judge for discovery issues pursuant to Judge McMahon's

Individual Rules the next day. Opposing counsel shortly thereafter wrote to the Court claiming there were no discovery issues, and J. McMahon referred the matter to your Honor to sort it out.

The undersigned wrote to opposing counsel immediately explaining that their representation to the Court was false since they had simply ignored Plaintiff's discovery demands. Opposing counsel wrote back claiming to be under the impression that discovery was stayed until the initial disclosures deadline of November 1, 2026 and asserting as to the required pre-mediation production: "Moreover, we produced the documents in our possession in response to the ADR discovery protocol requests. In this regard, Claimant did not make any prior complaints aside from the one at issue. As, such [sic] there are no documents responsive to that discovery protocol request." This is demonstrably false, as Defendant did not produce any internal investigative materials, including a video recording of the perpetrator following Plaintiff to the women's locker room that it has repeatedly referenced, notes from the interview of the perpetrator, or any other communications concerning the investigation and what actions to take as a result. Opposing counsel's communication to the undersigned further explained Defendant could produce "responses" by October 27, prefacing the now de-riguer delay tactic of providing responses consisting of a slew of objections and no actual document production or other substantive response, with the notation that the search for documents is ongoing and production will be made at some indefinite point in the future.

**Lead Counsel Fails to Show up for the Meet and Confer**

The undersigned called opposing counsel Dianna McCarthy multiple times to schedule a meet and confer and left multiple voicemails that went ignored. Ms. McCarthy's associate then emailed the undersigned to schedule a call with Ms. McCarthy on October 7, 2026. Ms. McCarthy did not show up for the call, and instead sent an associate who has not made a Notice of Appearance in this matter. The call was unproductive, with the associate risibly claiming that while J. McMahon had not stayed discovery and explicitly authorized the parties to make discovery demands, Defendant was not obligated to respond to those demands, and reiterated the prior communication outlined above.

The undersigned would not ordinarily write to the Court at this early juncture but given the history of dilatory conduct and refusal to comply with the ADR protocols and J. McMahon's Order, it is necessary for the Court to intervene. It appears Defendant does not intend to make production as to its investigation of Plaintiff's complaint & the perpetrator, and is dragging its feet to delay Plaintiff's ability to move to compel such documents while it formulates its own discovery demands.

Accordingly, Plaintiff respectfully requests that the Court Order Defendant to provide responses and production in response to Plaintiff's demands within 7 days, and to rule that Defendant has waived all objections by its failure to respond in time.

Very truly yours,

/s Joshua Alexander Bernstein

Application granted-in-part. Defendant's argument that no deadlines have expired pursuant the CMP is irrelevant to its obligation to timely respond to Plaintiff's discovery requests. Plaintiff's requests for production and interrogatories were served on August 24, 2026. (*See* Dkt. No. 25 at 2). While discovery requests may generally be premature prior to a CMP, Judge McMahon clearly stated that Plaintiff is authorized to serve discovery demands as early as June 2026. (*See* Dkt. No. 14). Accordingly, Defendant must respond to Plaintiff's first set of interrogatories and requests for production by no later than November 6, 2026. The other relief requested by Plaintiff's letter is denied. SO ORDERED.

Dated: October 16, 2026
New York, New York

**SO ORDERED:**

Gary Stein

HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE